In the next case on the call, Roe? Yeah, it's Roe. People v. Roe. I hear that. Oh, the silence is what you give it to, isn't it? Next case is 5-13-14. People v. Roe. Council ready? Now, there's been a motion filed, and additional authority, I believe. No objection to that motion. I'd be happy to address it on our own. I'd be happy to address it on our own. It's the state's motion. Does anyone need time to file an addition to the group? No. Okay. Mr. Grant. May it please the Court. Alexander Munches with the State Appellate Defense Office, representing Brian Roe. This appeal presents what the U.S. Supreme Court has called a stark problem of arbitrariness. Mr. Roe is charged with one offense, yet convicted of another. Significantly, Mr. Roe does not attack the charging instrument on appeal. In other words, he's not making a variance argument. Mr. Roe asserts instead that he's convicted of a charge never made, the failure under Section 3C-4 to register within three days of his release from the Department of Corrections. Accordingly, this arbitrary conviction cannot stand. In a line of cases beginning with the John B. State of Oregon, the U.S. Supreme Court announced the rule that a conviction upon charge not made would be a sheer denial of due process, that is, without regard to a particular bill of rights guarantee. In a similar vein, the parties in this case agree. The State is charged with the duty to apprise a defendant by indictment of the precise offense with which he is charged. Now, whether a particular state action constitutes an arbitrary deprivation of liberty is made on a case-by-case basis. For example, an arbitrary conviction arose in Colby State of Arkansas. There, the U.S. Supreme Court held that it violates due process to affirm a conviction on appeal under a different criminal statute than that which the defendant was initially charged in trial. Still another example of an arbitrary conviction arose in Thompson v. City of Louisville. There, the Supreme Court reversed petty criminal convictions on the ground that the record contained no evidence, whatever, to support the charges. Here, Mr. Roe's conviction under 3C-4 was arbitrary. Now, it's clear that the State elected to charge Mr. Roe with some offense under Section 6 or with violating 3C-3. In particular, the charging instrument enumerates Section 6 and it uses language from Section 3C-3, that within three days of conviction. Nevertheless, Mr. Roe is convicted but charged nevermind. That is a separate offense under Section 3C-4, the failure to register within three days of his release from the Department of Corrections. Now, the parties seem to agree that the entire text of the duty report and the duty to register provisions is considerable. The complexity of the misuse raised the State to discharge the duty to inform the defendant of the precise offense with which he is charged. In sum, the State's abrupt decision to prosecute Mr. Roe under 3C-4 and Mr. Roe's conviction of the same presents this Court with a stark problem of arbitrariness. The arbitrary conviction of Mr. Roe was a sheer denial of due process. For these reasons, Mr. Roe respectfully requests that this the failure to register as a sex offender within three days of his release from the Department of Corrections. Are there no other questions? I have no questions. No questions. Thank you, Counsel. May it please the Court. Counsel, my name is Sharon Chenahan and I represent the people of the State of Illinois. Now, the defendant says he's not got any problems with the State's dealing with a variance. He's making an arbitrariness argument. And it is for that reason that I cited the additional authority of the Court, which establishes that basically if a case deals with a conviction for a charge not made, then that is a fatal variance. So to say that I'm not dealing, the State is not dealing with a proper issue here is puzzling to me. If this was a fatal variance, excuse me, if this was a charge, conviction for a charge not made, then it is a fatal variance. The statute is kind of confusing. It is. I agree. And the statute does say that one must register within three days of a conviction. But I read that as being convicted of a sex offense which requires you to register, not three days of a conviction for failing to register after you've already been required to register. Can you give me any insight on that? I mean, he's already obligated to register before he's convicted of an offense of failing to register. You see what I'm getting at? I think so. Well, and the charging instrument, though, seems to be charging him with failing to register within three days of a conviction for failing to register. Yes. Is that an offense under the statute? Well, I'm not going to touch it. I think I understand you. We've got a second. What you're saying is this is a second conviction. I mean, he was already under an obligation to register, and that arose out of the original offense of a conviction of a sex offense which required registration. And I think it's for that reason that we have, as I say, we need to look at subsection 3 and subsection 4 is because they say if you're unable to comply, which obviously you can't when you're in prison. So in this case, we have someone who was under an obligation, an ongoing obligation to report. He didn't. I mean, he's already a sex offender. He was under an ongoing obligation to report under an earlier portion of the statute. He didn't. So therefore, we have this new case. And subsection 4, as I said in our briefs, needs to be argued or examined in conjunction with subsection 3 because subsection 3 says except, as in 4, you have to register within three days after sentencing. Obviously, when you're in prison, you're not able to. Yeah. The statute also provides an offense, though, for failing to register after release, right? Well, it says if you're unable to comply with the requirement that you register three days after sentencing. If you're unable to comply because you're in prison and the actual wording of the statute is unable to comply with the registration requirements because he is, there's three sections there or three words there, but one of them is imprisoned, then you have three days after discharge, parole, or release. And that's factually what happened here, right? Yes. He didn't register within three days after. Correct, yes. And what you're saying is charging him with failure to register after conviction is the functional equivalent if he's in prison. Correct. And I think that's what the Supreme Court was saying in Marshall where they say that the sex offender registration statute must be construed as a whole in order to avoid rendering any part of it meaningless or superfluous. And so, you know, we do have these two sections that are directly tied to each other. Three says except for four, and four says if you're unable to comply with three. I mean, they tie themselves together. They need to be read together. And so they need the clear reading of them is that the registration time is within three days of release. And then I think separately, if there is a problem with this charging instrument, then we get into the variance question, which, as I say, I think People v. Borst makes clear that this is applicable. Borst was a DUI case, and the defendant argued that there were alternative methods of violating the statute, either driving the vehicle or being in physical control of it, and arguing that the complaint only charged him with illegally being in actual physical control when in reality he was convicted of illegally driving, he contended that he was convicted of a charge not made. The exact language in the Borst case is charge not made. And Borst stated that, quote, it did not believe that the statute defines two separate and alternative offenses, thus we find no fatal variance between the complaint and the proofs. So that's why I believe that the variance argument set forth in the state's brief is applicable to this case. A fatal variance only occurs when the difference between the charging instrument and the proof of trial is material and of such character that it misleads the accused into making his defense or exposes him to double jeopardy. Now, this is clearly a non-fatal variance. The defendant was released from prison on March 5, 2012, and by April 12, he had not registered anywhere. Everyone, including the defendant, and the record reflects this, knew that the time period in question starts the day he was released from prison. The information didn't mislead the defendant in his defense. In fact, the defendant's primary argument focused on the difficulty of reporting for a homeless person, and he certainly couldn't be exposed to double jeopardy because he couldn't be charged with failing to register immediately after he was convicted because he was in prison, and thus the relevant time period started the day that he was released. So since it didn't mislead him, since he wasn't prejudiced, and since he was not exposed to the possibility of double jeopardy, if there is a variance here, it's a non-fatal variance. I have just a few comments I'd like to make about the reply brief. The defendant says that the state proposes that this court may only read the relevant portion of the statute, citing page 1 of the state's brief and then saying that the state relies on Marshall. The state does not and could not say what portions of the statute this court may or may not read. On the other hand, it seems only reasonable that we'd only read the relevant portions of the statute. And finally, I was not citing Marshall for that proposition. I was simply citing Marshall for what it does say, which is that the Registration Act statute needs to be read as a whole. So finally, I would like to briefly note that the conviction for a charge has not made cases that are in the reply brief. In this case, that would be, for example, he's charged with failing to register as a sex offender, but then he's proved guilty of vagrancy. That's a charge not made. Garner dealt with disturbing the peace, and Louisiana argued that the evidence proved criminal trespass. Okay, you know, that goes on. Thompson said that the charge was wholly devoid of a crucial element of the offense charge. Notably, Jackson v. Virginia says the important thing to consider is a meaningful opportunity to defend. Again, this is going back to the requirements for a fatal variance. And then Cole dealt with an entirely different criminal statute. So for all of these reasons, we would ask this Court to adjourn. Are there any questions? Thank you, Court. Thank you, Your Honor. So in response to the state's citing force, we begin with the Constitutional Court. The Illinois Appellate Court, with all due respect, does not overrule the United States Supreme Court on issues of federal law. Remind this Court of Marshall's words in Marbury v. Madison. It's emphatically the province of the U.S. Supreme Court to decide the meaning of the federal Constitution. In particular, on Horst, if you look through the case, Horst, that particular defendant, was making a fatal variance argument. He was not making an arbitrariness argument. Horst does not stand for the proposition that arbitrariness arguments are fatal variance arguments. This arbitrariness line of cases is its own line of cases. The Illinois Appellate Court, with all due respect, is not going to overrule the U.S. Supreme Court on this point. Now, you look in that Horst, as I said, the defendant made a fatal variance argument there. He did not make an arbitrariness argument. Now, the Illinois Appellate Court, in rejecting the defendant's fatal variance argument, did use language similar to what we're seeing here. However, they're just different arguments. And then finally, Justice Stewart, you mentioned that, you know, one could read the Federal Register Statute broadly. I suggest that you shouldn't. This Court should not read the statute so broadly. In particular, if you look at Flachberger. So, 3C3 and 3C4, they're enumerated distinctly. In addition, each contains an element the other does not, namely the time element, when to register. This Court, please understand that we submit that this is an arbitrariness argument, not a variance argument, and that we respectfully request that this Court reverse Mr. Rowe's conviction under 3C4. Thank you. Thank you, counsel. If you're excused, kids, you might get better advising. And court will recess until 1.30.